UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DWAYNE TONY WILSON,

    Petitioner,

-vs-                                                           Case No. 6:09-cv-1636-Orl-36GJK

SECRETARY, DEPARTMENT
 OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Respondents filed a response (Doc. No. 15) and an amended response (Doc. No. 40) to the petition for writ of habeas corpus. Petitioner filed a reply (Doc. No. 18), an amended reply (Doc. No. 27), a second amended reply (Doc. No. 32), and a third amended reply (Doc. No. 50) to the responses.

## I. *Procedural History*

Petitioner was charged with first degree murder, armed robbery, and possession of a firearm by a convicted felon in two separate Duval County cases: 90-13014-GF and 90-13641-CF. On February 15, 1991, Petitioner entered into a negotiated plea bargain on these cases wherein he pled to the lesser included offense of accessory after the fact and to possession of a firearm charge in exchange for the dismissal of the armed robbery charge.

Petitioner was sentenced to two consecutive ten-year habitual violent felony offender sentences. The Florida First District Court of Appeal affirmed the convictions and sentences *per curiam* .

While Petitioner was serving his sentences, he was charged in Volusia County with conspiracy to commit escape (count one), conspiracy to commit robbery (count two), aggravated assault on a law enforcement officer (count three), battery on a law enforcement officer (count four), robbery (count five), and escape (count six). A jury trial was held, and Petitioner was found guilty as to counts one, four, five, and six; he was found not guilty as to the other counts (except that the trial court granted a judgment of acquittal as to count three). On May 1, 1992, Petitioner was adjudicated guilty of the crimes, and he was sentenced to imprisonment for a term of five years as to each of counts one and four and for a term of thirty years as to each of counts five and six. All of the counts were ordered to run consecutively, except that count six would run concurrently with count five. He received a fifteen-year minimum mandatory term as to the robbery and escape convictions. Petitioner filed a direct appeal, and the state appellate court affirmed *per curiam* on May 4, 1993. Mandate was issued on May 21, 1993.

Petitioner then filed in the Volusia County case a motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800, which was denied on September 27, 1994. The state appellate court in *Wilson v. State*, 650 So. 2d 227 (Fla. 5th DCA 1995) reversed and remanded the case to the trial court, finding that the minimum term should have been ten years. Petitioner was resentenced on June 23, 1995.

2

In August 1995, Petitioner filed another Rule 3.800 motion, which was denied on April 8, 1996, without prejudice to the right of Petitioner to file a Rule 3.850 motion. The denial was affirmed *per curiam* on July 23, 1996. Mandate was issued on August 9, 1996.

Petitioner filed a Rule 3.850 motion on August 30, 1996,[1] which was denied on September 25, 1996. The state appellate court affirmed *per curiam* on December 3, 1996. Mandate was issue on January 24, 1997. While his appeal was pending, Petitioner filed a second Rule 3.850 motion, which was denied on March 11, 1997, based on the lack of jurisdiction. Petitioner did not appeal the denial.

Petitioner filed a third Rule 3.850 motion on March 23, 1997, which was denied on May 2, 1997. The state appellate court affirmed *per curiam* on August 19, 1997. Mandate was issued on September 5, 1997.

On June 26, 1998, Petitioner filed his fourth Rule 3.850 motion alleging newly discovered evidence. In particular, Petitioner alleged that his 1984 conviction from the State of Maryland for robbery was a juvenile adjudication and that the trial court improperly scored this conviction as part of his prior record. On September 24, 1998, the trial court denied the motion on several grounds. First, the motion was not signed under oath. Second, the status of the 1984 conviction could have been easily discovered by

---

[1]The August 30, 1996, date was when the pleading was filed under the "mailbox rule." Under the "mailbox rule," a pleading is deemed filed when it was signed and presumably submitted to the prison authorities for mailing. *See Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (under the "mailbox rule," a pro se prisoner's motion to vacate, set aside, or correct sentence was filed on the date that he signed, executed, and delivered his petition to prison authorities for mailing). All further references to the filing date of pleadings by Petitioner shall be the filing date under the mailbox rule.

Petitioner or his counsel prior to sentencing or, at least, within two years after re-sentencing. Third, Petitioner had not provided sufficient evidence showing that the 1984 conviction was a juvenile adjudication. Finally, the motion was procedurally barred. The trial court also barred Petitioner from filing any further *pro se* pleadings regarding his conviction and sentence. On November 17, 1998, the state appellate court affirmed *per curiam*, and mandate was issued on December 4, 1998.

On March 11, 2001, Petitioner filed a petition for writ of habeas corpus or, alternatively motion to correct illegal sentence, alleging that the 1984 conviction had been declared illegal by a court in the State of Maryland. The state trial court dismissed the habeas petition because it lacked jurisdiction over the petition and struck the motion to correct illegal sentence as a prohibited *pro se* pleading. The state appellate court affirmed *per curiam* on September 4, 2001.

On November 10, 2001, Petitioner filed another Rule 3.800 motion, which was stricken by the trial court on January 9, 2002, because the issues raised therein had been previously raised and ruled upon. The denial was affirmed *per curiam* on April 2, 2002.

Petitioner then filed another Rule 3.800 motion on May 13, 2004, which was denied on July 21, 2004. It does not appear that Petitioner appealed the denial.

On July 20, 2005, Petitioner filed a petition for a writ of habeas corpus with the state appellate court, which was denied on December 23, 2005.

On September 20, 2006, Petitioner filed a petition for a writ of habeas corpus with the Florida Supreme Court, which was denied on October 26, 2006.

In 2008, Petitioner filed another Rule 3.850 motion, which was denied on May 8, 2009. The state appellate court affirmed *per curiam* on November 24, 2009.

## II.     *Petitioner's Habeas Petition is Untimely*

### A.     *Legal Standard*

Pursuant to 28 U.S.C. § 2244,

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A)    the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
> >
> > (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

### B.     *Discussion of Petitioner's Case*

Section 2244(d)(1) went into effect on April 24, 1996. Thus, a prisoner, like Petitioner, whose conviction became final prior to April 24, 1996, had until April 23, 1997,

5

absent any tolling, to file a federal habeas petition regarding such conviction. *Wilcox v. Florida Department of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998) (petitioners whose convictions become final before the enactment of the AEDPA must be provided a reasonable time to file their section 2254 petitions, and one year from the effective date is a reasonable period). Petitioner's federal habeas petition was filed on September 18, 2009.

Pursuant to section 2244(d)(2), the one year period is "tolled" for the time during which a properly filed state postconviction or collateral proceeding is pending. Here, since Petitioner's conviction became final prior to April 24, 1996, the one-year period of limitation began on April 24, 1996. However, on April 24, 1996, Petitioner's Rule 3.800 motion was pending, and, therefore, the one-year time period was tolled from April 24, 1996, through August 9, 1996, which was when the state appellate court issued mandate regarding the appeal of the denial of Petitioner's Rule 3.800 motion.

The one-year period then ran for a period of 21 days, when Petitioner filed his Rule 3.850 motion on August 30, 1996. After those proceedings concluded on January 24, 1997, the one-year period then ran for 58 days when Petitioner filed another Rule 3.850 motion on March 23, 1997.[2] Those proceedings concluded on September 5, 1997.

The one-year period then expired 286 days later on June 18, 1998. All of Petitioner's other postconviction motions were filed after that date and did not toll the one-year period of limitation. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court

---

[2]The Rule 3.850 motion filed during the pendency of the appeal dealing with the August 30, 1996, Rule 3.850 motion was not properly filed since the trial court lacked jurisdiction over the motion.

petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.")  Petitioner does not appear to dispute that his petition is untimely.  He argues, however, that the one-year period of limitation should not apply in his case because he is "actually innocent" of his sentence and because of "newly discovered facts."

He states that he is actually innocent of his sentence because the trial court improperly relied on a prior conviction that was still pending on appeal at the time of Petitioner's sentencing and because that offense was not a qualifying predicate offense.[3]  He further argues that he brought this matter to the attention of the trial court in his Rule 3.850 motion and that the State responded that it was irrelevant whether that conviction was properly used to enhance Petitioner's sentence because Petitioner also had a prior "1984 Maryland robbery conviction."  However, according to Petitioner, the 1984 Maryland conviction was never brought to the trial court's attention at sentencing and, in any event, that conviction was later vacated.

He also states that the 1984 Maryland conviction was later vacated and that the removal of the 1984 Maryland conviction constitutes newly discovered facts.  Ostensibly, that conviction was vacated on December 21, 2000.

The actual innocence exception is concerned with factual innocence and not legal

---

[3]This prior conviction occurred in 1990.

innocence. *Bousley. United States*, 523 U.S. 614, 623 (1998).[4] The argument made by Petitioner concerning his sentence is that his sentence is legally insufficient under Florida law. Petitioner's argument fails to show any factual basis for concluding that he is factually innocent of the sentence he received.

Likewise, the Court rejects Petitioner's "newly discovered facts" argument. The factual predicate of Petitioner's claim of newly discovered evidence was known to Petitioner, at the latest, on December 21, 2000, the date his 1984 Maryland conviction was vacated. Even if his federal limitations period was triggered on that date, it would have expired one year later on December 21, 2001. Therefore, the instant habeas petition would still be untimely.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by Dwayne Tony Wilson (Doc. No. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly and close this case.

3. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a Certificate of Appealability is **DENIED** in this case.

---

[4]The actual innocence exception has been extended to constitutional claims challenging capital sentencing errors; however, the United States Supreme Court has declined to consider whether the actual innocence exception extends to constitutional claims challenging noncapital sentencing errors. *See Dretke v. Haley*, 541 U.S. 386, 393 (2004).

**DONE AND ORDERED** in Chambers at Orlando, Florida, this 3rd day of May, 2012.

                                                    Charlene Edwards Honeywell
                                                    United States District Judge

Copies to:
OrlP-2 5/3
Counsel of Record
Dwayne Tony Wilson